Caldwell, J.
The simple point raised in this case is ;ne of jurisdiction. Could the plaintiff in the suit below bring his action in the court of common pleas of Hocking county; or whether he is confined to the court of common pleas of Portage county.
*457 It is claimed on the part of the plaintiff in the court below, that the act of 1845, (45th vol. Ohio Laws, page 17,) which provides that suits on policies of insurance may be brought in the county where the contract is made, gives to the court of common pleas of Hocking county, jurisdiction in this case, the insurance having been effected in that county. That statute, however, contains this provision: “ That the provisions of this act shall not be construed to extend to contracts of insurance, er agreements for such contracts, made or entered into by any ■insurance company of this state, whose charter prescribes the ■venue where alone suits against such company, on any such nontracts or agreements, may be brought.” •
It will be seen, then, that the whole question must turn on ■the provisions of the charter of the company. If, as contended by the company, the charter limits the jurisdiction to the common pleas of Portage county, it falls within the provision of ■the act of 1845, and is not affected by it. If the charter does not contain such limitation, then the statute of 1845 will apply, and the suit is properly brought in Hocking county.
The 7th section of the charter of the Portage Mutual Insurance Company (30th vol. Ohio Laws, page 259,) provides, “ that in case of any loss or damage by fire happening to any member, upon property insured in and with said company, the said member shall give notice thereof, in writing, to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such- loss or damage may have happened; and the directors, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss or damage ; and if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an action against said company, for loss or damage at themext court, to be held in and for the county of Portage, unless said court shall be holden within sixty days after said determination; but if holden within that time, at the next *458 court liolden in said county thereafter; and if upon trial of said action, a greater sum shall be recovered than the amount determined upon by the directors, the party suffering shall have-judgment therefor against said company, with interest thereon from the time said loss or damage happened, and costs of suit;. but if no more shall be recovered than the amount aforesaid,, the said party shall become non-suit, and the said company shall recover costs; provided, however, that the judgment last mentioned shall in no wise affect the claim of said suffering party to the amount of loss or damage, as determined by the-directors aforesaid; and provided also, that execution shall not issue on any judgment against said company until after the expiration of three months from the rendition thereof.”
Now it is contended, on the part of the plaintiff below, that the present case differs from those provided for in this section that the cases here provided for, where the party is limited in bringing suit in Portage county, are those where the directors have in some way acted in the matter; that the declaration in this case sets forth, that the company have made no determination of the loss, nor made a.n offer to pay any sum whatever. The charter might perhaps bear such a construction,, still we think the intention of the legislature was, in all cases where the party suffering the loss might find it necessary to bring suit, to limit the venue to Portage county.
This is the only part of the charter that provides for bringing suit against the company; it provides also for the mode in which the company shall determine how much they are bound to pay for any loss that may be sustained by any of the individual members. The responsibility of determining the amount, is entirely'on the directory — the party injured has nothing to do or say in the matter, nor is he in any way bound by it; if he is not satisfied with their determination, he may have the case referred to referees, or he may bring his suit in the court of common pleas of Portage county. It is true this section is taken up principally in providing for fixing the amount of' the loss, and providing a remedy where the party claim *459 ing to have sustained it, may think that the amount awarded by the directors is too low. This may probably be accounted for from the fact that where the company may refuse to pay altogether, the case is simple; the parties are directly at issue. The great question then, is, whether or not the company is liable at all, and the party claiming has to prove, in the ordi • nary way, the whole amount of, his damages.
Now, a defense may' be as meritorious to the whole amount of a claim for loss as to a part of a claim, and we cannot see why the legislature should have required a party, in a case where the directors were willing to pay a part of his claim, to bring suit in Por.tage county, and leave him free from such restriction, when they rejected it entirely. We think, although the charter might bear a more limited construction, that the intention of the legislature was, that where any member of the association, who had suffered a loss, felt himself aggrieved by the action of the company, he should bring his suit in Portage county. The judgment of the court of common pleas will therefore be reversed.